UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | Case No. 24-cv-08763-YGR (PR)<br><br>**ORDER OF DISMISSAL; AND GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* |

## I.   INTRODUCTION

This action commenced after Petitioner Paul Samuel Johnson, who is currently being held at the San Quentin Rehabilitation Center, completed and filed the form for a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. He has also filed motions for leave to proceed *in forma pauperis* ("IFP"). Dkts. 6, 13.

## II.   DISCUSSION

According to the petition, petitioner is being held in custody for "alleged D.V. [and] probation violations, etc. . . . ." *Id.* at 2. Petitioner's handwriting is difficult to decipher, but one portion of the petition clearly indicates that he is awaiting trial. *See id.* Under the section "E" of the petition entitled, "If you went to trial, what kind of trial did you have?" petitioner responds: "[P]ending trial still[,] case still open . . . [a]waiting trial." *Id.*

This Court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows that: (1) he has exhausted available state

judicial remedies, and (2) "special circumstances" warrant federal intervention.  *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (holding that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).  Special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown.  *See Carden*, 626 F.2d at 84 (finding that a violation of Sixth Amendment right to a speedy trial not alone an extraordinary circumstance).  Here, petitioner has failed to show that special circumstances warrant federal intervention before the trial is held and any appeal is completed.  Accordingly, this Court will abstain and DISMISS the petition without prejudice.  Petitioner's alleged constitutional violations are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

Petitioner is advised that he should not file a new federal petition for a writ of habeas corpus unless and until he gets convicted, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's high court a fair opportunity to rule on each of his claims.

To the extent the petitioner seeks to raise any challenges to his conditions of confinement, this Court notes that in an appropriate case a habeas petition may be construed as a section 1983 complaint.  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321–71 ("PLRA"), as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, such is not the case here.  Although the Court ***may*** construe a habeas petition as a civil rights action, it is ***not*** required to do so.  Since the time the *Wilwording* case was decided there have been significant changes in the law.  For instance, the filing fee for a petition for a writ of habeas corpus is $5.00 and the filing fee for all other civil actions is $350.00.  *See* 28 U.S.C. § 1914(a).  There is also a $55.00 administrative fee for non-habeas civil actions, but it is waived for litigants proceeding

1  IFP.  Under the PLRA, the prisoner is required to pay the $350.00 filing fee even if granted IFP
2  status, by way of deductions from income to the prisoner's trust account.  *See* 28 U.S.C.
3  1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she would
4  not have to pay a filing fee might feel otherwise about a civil rights complaint for which the
5  $350.00 filing fee would be deducted from income to his or her prisoner account.  Also, a civil
6  rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would
7  count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.  In view of these
8  potential pitfalls for petitioner if the Court were to construe any alleged conditions of confinement
9  challenges in the present petition as a civil rights complaint, this action will also be DISMISSED
10 without prejudice to his filing a civil rights action if he wishes to do so in light of the above.

### III.  CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for leave to proceed IFP is GRANTED.  Dkts. 6, 13.

2. The instant petition is DISMISSED without prejudice to petitioner's returning federal court after the conclusion of state proceedings and exhausting his state court remedies. Furthermore, to the extent the petitioner seeks to raise any challenges to his conditions of confinement, this action will also be DISMISSED without prejudice to his filing a civil rights action if he so desires.

3. The Clerk of the Court shall send petitioner a blank civil rights complaint form along with a copy of this Order.

4. The Clerk shall terminate all pending motions and close the file.

5. This Order terminates Docket Nos. 6 and 13.

IT IS SO ORDERED.

Dated:  September 25, 2025

YVONNE GONZALEZ ROGERS
United States District Judge